Eduardo ACOSTA, Plaintiff–Appellant,

v.

PERFORMANCE SHEETS; Does 1–100, inclusive, Defendants,

and

Gaylord Container Corporation, Defendant–Appellee.

No. 99–57016.

D.C. No. CV–98–05581–NMM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 2001.

Decided May 31, 2001.

Before MCKEOWN and FISHER, Circuit Judges, and HAGEN,* District Judge.

MEMORANDUM **

Edward Acosta appeals the district court's grant of summary judgment in favor of Gaylord Container Corp. on his claims of physical disability harassment and discrimination in violation of California's Fair Employment and Housing Act (FEHA) and wrongful termination in violation of public policy. We reverse.

1. *FEHA Claim*

FEHA makes it an unlawful employment practice for a covered employer to "fail to make reasonable accommodation for the known physical or mental disability of an ... employee." Cal. Gov't.Code, § 12940(m); *see also Jensen v. Wells Fargo Bank,* 85 Cal.App.4th 245, 256, 102 Cal. Rptr.2d 55 (2000). A reasonable accommodation may include "[j]ob restructuring, reassignment to a vacant position, part-time or modified work schedules, acquisition or modification of equipment or devices, adjustment or modification of exami-

---

* The Honorable David Warner Hagen, United States District Judge for the District of Nevada, sitting by designation.

nations, training materials or policies ... and other similar actions." Cal.Code Regs. tit. 2 § 7293.9(a)(2); *see also Prilliman v. United Air Lines, Inc.,* 53 Cal. App.4th 935, 947, 62 Cal.Rptr.2d 142 (1997).

Acosta admits he cannot perform his previous job without accommodation, given his current medical restrictions. Therefore, Gaylord may prevail on its summary judgment motion if it establishes through undisputed facts that there was no vacant position within Gaylord for which Acosta was qualified and capable of performing either "with or without accommodation." *Jensen,* 85 Cal.App. 4th at 263, 102 Cal. Rptr.2d 55.

Gaylord asserts that it has proffered undisputed facts establishing that there were no vacant positions at Gaylord that Acosta was capable of performing, given his medical restrictions and qualifications. The facts upon which Gaylord relies, however, are insufficient to warrant summary judgment. Notwithstanding Gaylord's arguments to the contrary, the record fails to establish that Gaylord considered *all* the reasonable accommodations required by FEHA, including, "[j]ob restructuring, ... acquisition or modification of equipment or devices ... and other similar actions ..." Cal.Code Regs. tit. 2 § 7293.9(a)(2).

For example, Gaylord's human resource administrator stated she did not know whether Gaylord considered restructuring the vacant positions to accommodate Acosta's restrictions or whether Gaylord considered how to accommodate Acosta notwithstanding his physical limitations. Gaylord's production and plant managers were similarly vague about any restructuring or modification efforts made to accommodate Acosta's disability.

Further, the record indicates that Gaylord failed to take ongoing "positive steps" to accommodate Acosta by reassignment to a vacant position. *See Spitzer v. Good Guys, Inc.,* 80 Cal.App.4th 1376, 1385, 96 Cal.Rptr.2d 236 (2000). The human resources administrator stated she was unaware of any steps taken to monitor potentially appropriate openings at Gaylord and to inform Acosta of them, notwithstanding Gaylord's awareness that Acosta was interested in open positions. *Cf. Brown v. Lucky Stores,* 246 F.3d 1182, 1185 (9th Cir.2001). Such gaps in the record create material issues of fact as to whether Gaylord fulfilled its duty to provide reasonable accommodation for Acosta's disability. In light of these factual disputes, Gaylord cannot prevail on its motion for summary judgment on Acosta's FEHA claim.

### 2. *Wrongful Discharge*

The district court granted summary judgment to Gaylord on Acosta's wrongful termination claim (1) because of the disposition of the FEHA claim, (2) because Acosta resigned rather than being terminated and (3) because Acosta did not attempt to mount a claim of constructive discharge. We have reversed the district court's grant of summary judgment on the FEHA claim so that judgment no longer supports summary judgment on the wrongful termination claim. Further, the record indicates that Acosta did assert a theory of constructive discharge, although we take no position as to whether the record supports such a claim. Accordingly, we also reverse the district court's grant of summary judgment on Acosta's wrongful termination claim.

### Conclusion

Summary judgment on Acosta's FEHA and wrongful termination claims is reversed and the case is remanded to the

district court for further proceedings consistent with this disposition.

REVERSED and REMANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.